729 So.2d 828 (1998)
Alvin HUGHEY a/k/a Alvie Hughey a/k/a Alvie Charles Hughey, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01242 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*829 David L. Coleman, Corinth, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before BRIDGES, C.J., and PAYNE and SOUTHWICK, JJ.
*830 SOUTHWICK, J., for the Court:
¶ 1. Alvin Hughey was convicted by an Alcorn County jury of armed robbery. On appeal he argues that he was not allowed to make relevant inquiries of the victim regarding his sexual preference. Hughey also claims that a fatal variance existed between the indictment and the proof, and that the verdict was against the overwhelming weight of the evidence. We find no error and affirm.

FACTS CONSISTENT WITH VERDICT
¶ 2. On October 8, 1996, Joseph Crofford was working at a convenience store in Corinth, Mississippi. At approximately 9:30 p.m., an individual entered the store and asked that Crofford come out from behind the counter. Crofford refused to comply, and the individual then went around the counter to where Crofford stood. The robber, later identified as Alvin Hughey, carried a knife with the handle wrapped in what Crofford described as a sheet or towel. Hughey demanded the money from the cash register; however, at that point, a customer entered the store and Hughey ducked under the counter, with the knife pressed against Crofford's side. After the customer left, Hughey opened the cash register and stuffed as much cash as possible in his pockets. He then fled the scene.
¶ 3. Crofford then activated the silent alarm and the police arrived soon thereafter. He identified the robber as a regular customer known as "Alvie." The police began searching for Hughey and eventually found him at an abandoned house. He was taken to the police station and, after Crofford identified him from a photographic lineup, was arrested for the armed robbery.
¶ 4. Hughey was charged with the armed robbery of the convenience station and on August 8, 1996, was found guilty and sentenced to ten years following a trial in the Circuit Court of Alcorn County. Hughey appeals his conviction.

DISCUSSION

I. Weight of the evidence
¶ 5. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Collier v. State, 711 So.2d 458, 461 (Miss.1998). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper. Id.
¶ 6. The State is correct in its assertion that Hughey is procedurally barred from raising this issue on appeal because he failed to file a motion for a new trial. The Mississippi Supreme Court has held that "there are certain errors that must be brought to the attention of the trial judge in a motion for a new trial." Jackson v. State, 423 So.2d 129, 131 (Miss.1982). Among those errors is that the verdict of the jury was against the overwhelming weight of the evidence. Id.
¶ 7. The record reveals no motion for a new trial was filed. Procedural bar notwithstanding, we also reject Hughey's argument on the merits. His apparent contention is that the testimony of a single eyewitness, Crofford, is insufficient to support his armed robbery conviction. Testimony from a single credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987). It is within the province of the jury to determine the credibility of witnesses. Pleasant v. State, 701 So.2d 799, 802 (Miss.1997). The jury clearly found Crofford to be credible.

II. Cross-examination regarding victim's sexual preference
¶ 8. Hughey's defense at trial was that Crofford concocted the robbery story in order to cover up the fact that Crofford had taken money from the cash register in order to purchase drugs and sex. He also claims that Crofford often allowed customers to purchase items on credit. The night of the alleged robbery, Hughey alleges that he purchased some beer and gave Crofford a ten-dollar *831 bill. Crofford refused to give him his change, because he claimed Hughey owed him money for credit purchases. Moreover, Crofford was concerned because his register was short as a result of his own theft. Hughey claims that he merely took the change which he was owed. He denies that he had a knife during the exchange.
¶ 9. Hughey complains that the trial judge did not permit him to cross-examine Crofford regarding his sexual preference. The trial judge sustained the State's objection to the question and Hughey's attorney did not go any further. The State's motion in limine was later granted to prevent further inquiry, and also to prevent questions regarding whether the store clerk ever purchased crack cocaine. Both motions were granted.
¶ 10. Defense counsel has wide latitude in cross-examination. Horne v. State, 487 So.2d 213 (Miss.1986). Furthermore, "[t]he right of confrontation and cross examination... extends to and includes the right to fully cross examine the witness on every material point relating to the issue to be determined that would have bearing on the credibility of the witness and the weight and worth of his testimony." Nalls v. State, 651 So.2d 1074, 1076 (Miss.1995).
¶ 11. The court has recognized "that litigants in all cases, including defendants in criminal prosecutions, are entitled to assert alternative theories, even inconsistent alternative theories. A criminal defendant is entitled to present his defense to the finder of fact, and it is fundamentally unfair to deny the jury the opportunity to consider the defendant's defense where there is testimony to support the theory." Terry v. State, 718 So.2d 1115,1121 (Miss.1998).
¶ 12. Even so, Hughey's right to present his defense is limited by considerations of relevance and prejudice. The rules of evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. Whether or not Crofford is homosexual is not relevant to Hughey's defense. What is relevant is whether he had strong and secret reasons to need money beyond his income as a store clerk. Being a frequenter of prostitutes, or having a serious gambling habit, or being an abuser of drugs, or other such claims are relevant to demonstrating that Crofford had a motive for concocting the robbery story. His alleged proclivity for spending money for illegal purposes makes it more probable than not that he would steal the money himself and attempt to blame it on Hughey. However, we find no necessary use for the information that the clerk might be homosexual. Paying prostitutes was the key, not the sex of the prostitutes.
¶ 13. Defense counsel was permitted to ask the store clerk whether he ever took money from the cash register to purchase illegal drugs. The subsequent motion in limine prevented further inquiry into that by other defense witnesses. Drug use is not mentioned in Hughey's brief as a separate matter on appeal. Thus we focus only on the issue of homosexuality.
¶ 14. Though relevant, evidence must still pass through Rule 403, which is the "ultimate filter through which all otherwise admissible evidence must pass." Bounds v. State, 688 So.2d 1362, 1370 (Miss.1997). Rule 403 reads, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. That rule vests considerable discretion with the trial court. Hooker v. State, 716 So.2d 1104, 1111 (Miss.1998). The factors discussed must "substantially outweigh" probative value before the evidence may be excluded. Foster v. State, 508 So.2d 1111, 1117 (Miss. 1987).
¶ 15. Whether Crofford was homosexual was not relevant and also was prejudicial, potentially to Crofford and more certainly to the State. Hughey was not foreclosed from pursuing the store clerk's potential need for money, but was only prevented from asking sexual orientation. He did not ask whether *832 Crofford went to prostitutes, but neither was he blocked from doing so.
¶ 16. While Hughey was not permitted to ask Crofford about his sexual orientation, he was allowed to question him as to other possible reasons Crofford might have had to fabricate the robbery story. Those questions included: whether he allowed customers to make purchases on credit, whether he took money from his own register in order to purchase drugs, and whether he and two other individuals stole the money and divided it up later that evening. Hughey was allowed to testify as to his own version of the events, with the exception of Crofford's alleged homosexuality and drug habit.
¶ 17. At the close of its case-in-chief, the State made the previously mentioned motion in limine to prevent the defense from going into anything involving Crofford's drug use or sexual orientation. The court granted the motion, finding that the evidence was more prejudicial than probative. Hughey's attorney then stated "I don't plan on using it anyway, Judge." The State argues that the statement constitutes abandonment of any effort to introduce the testimony. Moreover, it argues that because of the lack of an adequate proffer, it will never be known whether the testimony would have been relevant or not. We disagree that such a comment can be read as indicative of abandonment. Hughey's failure to proffer the testimony of Crofford was likewise not fatal. "Where a party is improperly denied cross-examination, he is not required to make the proffer of the witness' testimony such as would otherwise be required...." Suan v. State, 511 So.2d 144, 147 (Miss.1987). It is for the other reasons discussed above that we find no error.

III. Amendment of jury instruction
¶ 18. The indictment charged Hughey with taking "$700 cash" during the armed robbery. At trial, the victim Crofford stated that between $170-$180 was taken, while the investigating officer stated that $500 was the amount stolen. The State had earlier prepared an instruction that would inform the jury that "[i]f you find from the evidence in this case beyond a reasonable doubt that the defendant ... did feloniously and unlawfully rob, take, steal and carry away $700 cash ... then you shall find the defendant ... guilty of Armed Robbery." At the close of all the evidence, the State proposed to change the instruction to read "an undetermined amount of cash" rather than $700. Hughey's attorney objected to this change, arguing that Hughey was indicted for the armed robbery of $700 and that the instruction should reflect the indictment. The trial judge overruled the objection, finding that because the armed robbery statute does not require a specific amount of cash to be alleged in the indictment, the instruction did not have to contain a specific amount either.
¶ 19. The supreme court has indicated that any challenge to a variance between the proof and the indictment must be specifically alleged. The court explained that "[t]o the extent Cantrell suggests a variance between the proof and the indictment, this argument was waived by Cantrell's failure to specifically raise this question in the trial court in a motion for a directed verdict, in a motion for a peremptory instruction or in a motion for a judgment n.o.v." Cantrell v. State, 507 So.2d 325, 331 (Miss.1987). Hughey's attorney chose not to allege specifically that a material variance had arisen between the indictment and the proof.
¶ 20. If Hughey had chosen to move for a directed verdict because of the variance, quite possibly the State would have moved to amend the indictment. It would have been proper to grant that motion. Amending an indictment to change the amount from $5,000 to $1,700 was "one of form and not of substance, and was properly allowed under Mississippi Code Annotated Sections 99-7-21 and 99-17-13 (1972)." Sanders v. State, 313 So.2d 398, 401 (Miss.1975). Hughey failed adequately to raise the issue of the need for an amendment at trial and may not raise it on appeal.
*833 ¶ 21. THE JUDGMENT OF THE ALCORN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO ALCORN COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and PAYNE, JJ., concur.