757 So.2d 1022 (2000)
Corey SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00605-COA.
Court of Appeals of Mississippi.
February 29, 2000.
*1023 Patsy Ann Bush, Hazlehurst, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. This is an appeal from the Circuit Court of Copiah County where Corey Sanders was found guilty of burglary of a business and was sentenced to serve a term of five years with the Mississippi Department of Corrections. Feeling aggrieved of this conviction and sentence, Sanders now appeals to this Court.

FACTS
¶ 2. The incident in question took place at the Club O'Hara in Hazlehurst, Mississippi. Charlotte Collins owned the club, which was undergoing renovations and was unoccupied at the time of the burglary. On October 10, 1998, Andrew Black and others entered the club to steal alcohol, as Corey Sanders stood guard for them outside the building.
¶ 3. At the time of the burglary, Carolyn Jordan was standing across the street from the club with Steve Jones and several others. Sanders, standing outside the club, saw Jones leave, and Sanders ran across the street to see where Jones went. Jordan told Sanders that Jones had left to call the police. To alert Black and the others who were still inside the club, Sanders threw rocks at the building and then Sanders, Black, and the others fled the scene only to be apprehended later by the police.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 4. Appellant Corey Sanders raises two issues with this appeal. First, he argues the trial court erred in admitting hearsay testimony and in failing to grant defendant's motion for new trial; second, Sanders argues that the trial court erred in failing to grant a judgment notwithstanding the verdict as the jury's verdict was against the overwhelming weight of the admissible evidence. Sanders has worded these issues unclearly, and as we review all the matters Sanders raises on appeal, we find not two, but three distinct issues that Sanders asks we address with this appeal. First, Sanders argues the hearsay evidence was improperly admitted; second, Sanders argues he was entitled to a new trial because the verdict was against the overwhelming weight of the evidence; and third, Sanders argues the trial judge errantly overruled his post-trial motion for a judgment notwithstanding the verdict. We proceed in this manner, addressing and distinguishing all issues.
¶ 5. Regarding the first issue concerning evidence, our standard of review regarding the trial court's admission of evidence is well-settled:
Under the Supreme Court's standard of review, the admissibility of evidence rests within the discretion of the trial court.... Furthermore, the trial *1024 court's discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.
Sturdivant v. State, 745 So.2d 240 (¶ 10) (Miss.1999) (citations omitted).
¶ 6. Our standard of review regarding a motion for new trial is stated in McClain v. State:
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State.
McClain v. State, 625 So.2d 774, 778-81 (Miss.1993) (citations omitted).
¶ 7. The final issue Sanders addresses with this appeal regards his post-trial motion for judgment notwithstanding the verdict.
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with McClain's guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain, 625 So.2d at 778 (citations omitted).
¶ 8. We have reviewed Sanders's case and, applying the foregoing standards, we can find no grounds for reversal. Accordingly, we now affirm the judgment of the trial court.

ANALYSIS OF THE ISSUES PRESENTED
¶ 9. We cite Sanders's issues verbatim from his briefs, while making the distinction addressed above with reference to Sanders's misstatement of the issues in this case.

I. THE TRIAL COURT ERRED IN ADMITTING HEARSAY TESTIMONY AND IN FAILING TO GRANT DEFENDANT'S MOTION FOR NEW TRIAL.
¶ 10. Sanders argues two incidents of hearsay were improperly admitted into evidence. The first concerns Carolyn Jordan's testimony regarding Steve Jones's leaving to get the police. Sanders argues this testimony contained hearsay, as it was offered to prove the truth of the assertion that Jones thought a burglary was taking place. The State argues Jordan presumably had personal knowledge that Jones left to get the police but admits there is no way to tell for certain, since Jones was not called to testify.
¶ 11. Evidence that Jones told Jordan that he was leaving to call the police was admissible over the defense's hearsay objection. In the context of this case, Jordan's testimony of what Jones told her was not hearsay. The testimony was not offered to prove the truth of the matter asserted by Jones, i.e., his intent to summon law enforcement authorities. M.R.E. 801(c). Jones's statement of his purpose for leaving could be classed as objectionable hearsay only if the issue in dispute was whether or not he had, indeed, summoned law enforcement officers. Even in that circumstance, the statement may have been admissible as "[a] statement of the *1025 declarant's then existing state of mind," an exception to the hearsay rule set out in M.R.E. 803(3). However, whether or not Jones actually called the police was not the disputed issue in this trial.
¶ 12. The defendant urges that the statement was hearsay because it amounted to an extrajudicial statement by Jones that a crime was, in fact, being committed. Any inference the jury might draw from Jones's remark that, based on his observations, he believed a burglary was in progress was nothing more than an incidental by-product of evidence admissible for other purposes. To the extent that the defendant could convince the trial court that this possible inference was improper and therefore prejudicial to the defense, his remedy would not have been to have the evidence excluded but to have the purposes of its admissibility circumscribed by an appropriate limiting instruction. M.R.E. 105.
¶ 13. In actuality, the only real question concerning the admissibility of the evidence of Jones's extrajudicial statement was one of relevancy. In this instance, the evidence was relevant because it formed the basis for Jordan's subsequent statement directly to the defendant that Jones had left for the purpose of calling law enforcement authorities. It was at this point, according to Jordan, that the defendant returned to the building and began throwing rocks against the wall in what jurors could reasonably conclude was an urgent attempt to alert his associates inside the building to approaching danger. Such behavior, once the defendant had reason to believe that the police were being summoned, would be consistent with an accomplice in a burglary acting as the lookout for his associates engaged in the actual breaking and entering. The actions of Jones in throwing rocks, which standing alone could be subject to more than one interpretation, became more incriminating once all the circumstances surrounding the activity became fully known. The State was entitled to inform the jury of the facts that provoked the defendant's behavior that might otherwise have been merely puzzling and not particularly incriminating. See M.R.E. 401. There was no error in admitting evidence of Jones's statements to Jordan.
¶ 14. The second hearsay Sanders argues was improperly admitted regarded whether Jordan saw Sanders knock at the door of the club to alert those inside to leave. Sanders alleges he is entitled to a new trial since Jordan testified first that she actually saw Sanders knock on the door as a "warning" to those inside, then recanted her previous testimony to say she never actually saw Sanders knock, but was just repeating what another friend had told her. While that hearsay testimony should not have been admitted, it availed Sanders nothing. Jordan testified that she actually saw Sanders throw things against the building which she perceived as a warning to the burglars inside.
¶ 15. "It is within the province of the jury to determine the credibility of witnesses." Hughey v. State, 729 So.2d 828(¶ 17) (Miss.Ct.App.1998) (citations omitted). "Where corroborative evidence exists and the hearsay evidence is merely cumulative, the admission may be held to be harmless." Young v. State, 679 So.2d 198, 203 (Miss.1996) (citing Jones v. State, 606 So.2d 1051 (Miss.1992)). It is the duty of the jury to evaluate Jordan's testimony. Jordan's effective recanting of her previous testimony that day let the jurors know she made a mistake in stating she actually saw the knocking, when she only actually saw Sanders throw something against the building in what Jordan perceived was Sanders's warning to the others. Though Jordan's account of Sanders's knocking on the door should not have been presented to the jury, this statement can be considered cumulative since much evidence abounded in support of the verdict. As stated above in Young, admission of this cumulative evidence is harmless error.
¶ 16. Sanders argues admission of these two counts of hearsay was error and that *1026 he is entitled to a new trial as the weight of the evidence did not support the verdict. Applying our standard of review, we must affirm, since "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal." Norwood v. State, 741 So.2d 992(¶ 11) (Miss.Ct.App. 1999).
¶ 17. In light of the foregoing analysis, we have found that the first allegation of hearsay is without merit and also find that the admission of the second count of hearsay regarding Sanders's knocking on the club door, though improper, was harmless error. Therefore, no unconscionable injustice ensues to warrant our reversal on these issues.

II. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT A JUDGMENT NOTWITHSTANDING THE VERDICT AS THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF ADMISSIBLE EVIDENCE.
¶ 18. With this issue, Sanders mistakenly confuses the standard for reviewing the trial court's failure to grant a judgment notwithstanding a verdict with the trial court's standard for granting a new trial. As stated before, the standard for reviewing denial of a new trial goes to the weight of the evidence; the standard for reviewing the denial of a JNOV is whether or not the evidence was sufficient to warrant such and whether fair-minded jurors could have arrived at the same verdict. As this issue concerns the failure to grant a JNOV, we review the sufficiency of the evidence.
¶ 19. Sanders claims he is entitled to a new trial because the State did not prove the essential elements of the crime with which Sanders was charged, namely, that the State failed to prove that Sanders was a principal in the breaking and entering with the intent to commit some crime once entry had been gained.
"Any person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abettor' and is equally guilty with the principal offender".... "Aiding and abetting is defined to be `the offense committed by those persons who, although not the direct perpetrators of a crime, are yet present at its commission, doing some act to render aid to the actual perpetrator'.... And such aiding and abetting may be manifested by acts, words, signs, motions, or any conduct which unmistakably evinces a design to encourage, incite or approve of the crime, or even by being present, with the intention of giving assistance, if necessary, though such assistance may not be called into requisition."
Hooker v. State, 716 So.2d 1104 (¶ 57) (Miss.1998) (citations omitted).
¶ 20. During and after the commission of the crime, Sanders incriminated himself as an aider and abetter through his actions. He served as a "lookout" while his friends pillaged the club. He met up with Black, one of the burglars, afterward outside the building, and upon being questioned at his home by a police officer, Sanders took off running. These actions together lead a reasonable person to believe Sanders acted in concert with Black and the others. Thus, as an aider and abetter, Sanders could be charged the same as the actual perpetrators of the crime.
¶ 21. According to the above definition of "aid and abet" and in reviewing the standard for evaluating the sufficiency of the evidence, we find evidence describing Sanders's actions during the burglary did support the jury's verdict and that reasonable fair-minded jurors could have arrived at the same conclusion.
¶ 22. Sanders additionally argues he should only have been found guilty, if anything, of accessory after the fact. Sanders gives this Court the option to grant a new trial or to remand for resentencing under the lesser offense. We *1027 note that jury instruction number five describes the elements of burglary, then instructs the jury if they fail to find Sanders guilty of burglary, they may then consider a lesser charge of accessory after the fact. We presume since the jury had this option before them, they found Sanders's actions met the charge of burglary, and we will not reverse.

CONCLUSION
¶ 23. Sanders was not prejudiced by inadmissible hearsay as would warrant a new trial, nor is Sanders entitled to be resentenced under the lesser-included-offense as such was included as an option in the jury instructions The conviction of the Copiah County Circuit Court should be affirmed.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.