MYERS, P.J.,
for the Court.
¶ 1. Carl Bryan Johnson was convicted in the Carroll County Circuit Court of Count I, burglary of a dwelling, and Count II, attempted rape. Johnson was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections on Count I. Johnson was also sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections, with five years suspended and five years post-release supervision, on Count II. Johnson now appeals, seeking review of whether the trial court erred in admitting evidence of his prior sexual misconduct over his objection. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On the afternoon of Saturday, September 2, 2006, M.G.[1] was at home in her residence in Coila, Mississippi. M.G. was playing cards alone when Johnson appeared before her, uninvited. M.G. testified she was related to Johnson and had known him all his life. M.G. testified that Johnson entered through her closed door uninvited and then exposed his erect penis. M.G. testified that Johnson forcibly grabbed and twisted her arm and forced her down onto the couch. M.G. related that Johnson climbed on top of her and attempted to remove her clothing, all while Johnson was still exposed. M.G. fought back, hitting Johnson and screaming for help. M.G. also claimed that Johnson knocked out three of her teeth during the struggle. After M.G. broke free, Johnson left, and she subsequently contacted the sheriffs department. Deputy Robert Vail and Deputy Michael Spellman both testified that they responded to the emergency call. Both deputies also acknowledged that M.G. identified Johnson as the person who had entered her home without her permission and had attempted to rape her.
¶ 3. Johnson maintained that he was never at M.G.’s home on September 2, 2006, but he claimed that he had gotten into an argument with M.G. on the day before. Johnson testified at trial that he tried to buy some alcohol from M.G. on Friday, September 1, 2006, but when M.G. refused to sell him anything, he became upset and argued with her before leaving her home. Johnson claimed that M.G. made up all her testimony because of the argument that occurred earlier on Friday.
¶ 4. Cassandra Blackmon testified at trial, over the objection of Johnson, and related that she observed Johnson, who is her cousin, in front of her home early on September 2, 2006. Blackmon’s home is less than a mile from the victim’s home. Blackmon testified that Johnson got out of the car he was riding in with Blackmon’s other cousin, Vandell Gomiller, and went to the other side of the road before coming inside her home. Blackmon related that she saw Johnson masturbate while facing away from her on the other side of the road. Afterwards, he returned to her yard. Blackmon stated that Johnson then came inside and ate breakfast with her family. Blackmon additionally testified that she had observed Johnson do this act more than once.
¶ 5. Johnson filed a motion in limine, seeking to prevent the introduction of evidence of his past act in the form of testimony from Blackmon. Johnson argued that the evidence of his past conduct was unduly prejudicial and should not be allowed into evidence because it would confuse and mislead the jury.
¶ 6. The State argued that it was offering the testimony to prove motive, oppor *833 tunity, and plan on the part of Johnson in the sense that he wanted sex; he had lustful, sexual desires; and he had the intent to fulfill those desires by having sex with the victim, M.G. The State contended that Johnson’s masturbation in a public place was extremely close in time to the attack on M.G., which happened only two to three hours after the incident at Black-mon’s home.
¶ 7. The circuit court found that the testimony was more probative than prejudicial, specifically on the issue of Johnson’s motive, intent, plan, and desire. Accordingly, the circuit court denied the motion in limine. Johnson also later moved for a directed verdict on both the attempted rape and burglary charge at the close of the State’s case, which the circuit court denied.
DISCUSSION
WHETHER THE CIRCUIT COURT ERRED IN ADMITTING TESTIMONY REGARDING THE PRIOR SEXUAL MISCONDUCT OF JOHNSON.
¶ 8. This Court reviews a trial court’s admission of evidence under an abuse of discretion standard. Smith v. State, 946 So.2d 785, 788(¶ 11) (Miss.Ct.App.2006) (quoting Sanders v. State, 757 So.2d 1022, 1023-24(¶ 5) (Miss.Ct.App.2000)). “Furthermore, the trial court’s discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.” Id. “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” M.R.E. 403. “[0]ur task as an appellate court reviewing a Rule 403 determination is not to engage anew in the Rule 403 balancing process.” Carter v. State, 953 So.2d 224, 229(¶ 11) (Miss.2007) (quoting Baldwin v. State, 784 So.2d 148, 156(¶ 27) (Miss.2001)). Instead, reversal is only warranted if the trial court committed an abuse of discretion in admitting or excluding the evidence. Id. Additionally, Rule 404(b) provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
M.R.E. 404(b). “Rule 404(b) is not a blanket prohibition of evidence of other actions.” Adams v. State, 794 So.2d 1049, 1055(¶ 14) (Miss.Ct.App.2001) (quoting Flowers v. State, 773 So.2d 309, 319(¶ 28) (Miss.2000)). “Where the evidence might be relevant in another manner, ..., this Court has allowed it to be introduced.” Id.
¶ 9. Johnson argues on appeal that evidence of his past sexual misconduct was admitted at trial over his objections. Johnson argues it was reversible error for the circuit court to allow testimony about his alleged prior misconduct involving his self-gratification in public. Johnson argues that the testimony regarding his pri- or act was presented for the sole purpose of prejudicing the jury against him. Johnson asks on appeal that his conviction and sentence be reversed and the case remanded for a new trial, where evidence of any alleged prior sexual misconduct should be excluded.
¶ 10. The State argues that the evidence of the prior sexual misconduct was *834 admissible for two purposes: (1) as part of the res gestae of the crime charged or a relevant preliminary act to the crime charged and (2) as evidence showing his motive, plan, intent, and state of mind. The State argues that Johnson’s prior act was integrally related in time, place, and fact to the act charged. Furthermore, the State argues that Johnson’s prior act sheds light upon his motive for the commission of the crime charged, as well as his intent and state of mind and body during this time. The State contends that the testimony regarding Johnson’s earlier act that day was necessary to show a closely related series of transactions so as to tell the complete story of the crimes or to demonstrate that Johnson’s act on that day were part of a continuing occurrence. The State additionally argues that the circuit court did not abuse its discretion since it properly balanced the probative value of the evidence against the prejudicial effect and found the evidence to be more probative than prejudicial. The State also points out that any error caused by admitting the prior-act testimony was harmless in light of all the evidence produced against Johnson.
¶ 11. The circuit court found the evidence regarding Johnson’s past misconduct was admissible, citing to Adams, 794 So.2d at 1055 (¶¶ 14-15) in support of its ruling. In that case, Adams was accused of the sexual battery of S.C. Id. at 1052(¶ 1). The evidence showed that he entered S.C.’s home and jumped out of her closet, covering her face with a towel before attacking her. Id. at 1053(112). The circuit court allowed in prior bad-act testimony from another victim living four houses down from S.C. Id. at 1055 (¶¶ 11-12). Testimony revealed that Adams had attempted to rape her one day earlier, attacking her in the same manner as S.C. Id. at (¶ 12). The circuit court found that the evidence was admissible under Mississippi Rule of Evidence 404(b), using the balancing test provided in Rule 403. Id. at (¶¶ 14-15).
¶ 12. Here, the circuit court noted that Johnson’s act in public earlier that day was very close in time to the attack and attempted rape of M.G. The circuit court ruled that the testimony regarding Johnson’s masturbation outside of Blackmon’s home a few hours before the attack on M.G. was highly probative and much more probative than prejudicial. The circuit court denied Johnson’s motion in limine, holding that the evidence went to establish Johnson’s motive, state of mind, intent, and plan.
¶ 13. In addition, “[a]n error is considered harmless when it is ... not prejudicial to the substantive rights of the appealing party and does not affect the final outcome of the case.” Bullard v. State, 923 So.2d 1043, 1046(¶9) (Miss.Ct.App.2005) (citing Jefferson v. State, 818 So.2d 1099, 1112(¶ 36) (Miss.2002)). “Error is reversible only where it is of such magnitude as to leave no doubt that the appellant was unduly prejudiced.” Holladay v. Holladay, 776 So.2d 662, 672(¶ 40) (Miss.2000).
¶ 14. The victim, M.G., testified at trial against Johnson, identifying him as her attacker. Testimony by Melissa Vega, a registered nurse at Greenwood Hospital, revealed that she examined M.G. on the day Johnson allegedly attacked her. Vega testified that M.G. complained of a shoulder injury, and three of M.G.’s front teeth had been knocked out. Vega also testified that M.G. disclosed that she had been assaulted and that someone had attempted to rape her. Deputy Spellman testified that after the victim identified Johnson as the suspect, he located Johnson several days after the attack. Deputy Spellman, upon locating Johnson, observed that *835 Johnson had fresh scratch marks on the side of his face, which Deputy Spellman photographed for evidence. Johnson was also placed less than a mile from the scene of the crime a few hours earlier in the day. In addition, M.G. was related to Johnson and had known him since his childhood; thus, she was able to easily identify him.
¶ 15. Reviewing the record before this Court, we find that Johnson was not unduly prejudiced by the admission of his prior misconduct in light of all the evidence produced against him at trial. Therefore, the judgment of the circuit court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLL COUNTY OF CONVICTION OF COUNT I — BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS AND COUNT II — ATTEMPTED RAPE AND SENTENCE OF TEN YEARS WITH FIVE YEARS SUSPENDED AND FIVE YEARS TO SERVE WITH SENTENCE IN COUNT II TO RUN CONSECUTIVELY WITH SENTENCE IMPOSED IN COUNT I AND FIVE YEARS POST-RELEASE SUPERVISION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. This Court declines to name the victims of sexual assaults.