767 So.2d 315 (2000)
Prenice L. BOLDEN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01297-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*316 Edmund J. Phillips Jr., Newton, Robert N. Brooks, Carthage, Attorneys for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Prenice Bolden was found guilty by a Neshoba County jury of possession of cocaine. He appeals, asserting that the trial court erred in admitting his post-arrest statement and that the search of his vehicle was invalid. We find these assignments to be without merit and affirm.

FACTS
¶ 2. Early in the morning on July 19, 1998, two Philadelphia police officers noticed a car with its headlights on behind an abandoned building in Philadelphia. The officers investigated and found Prenice Bolden standing outside his car urinating. The officers asked Bolden for some identification. *317 He reached into his car and removed a driver's license from above the driver's side sun visor.
¶ 3. While the officers checked the validity of Bolden's license they also determined that he was intoxicated. The officers conducted field sobriety tests, which Bolden failed. The officers noticed that Bolden had two containers of beer in the front seat of his car, one of which was open. The officers arrested Bolden for violation of Philadelphia's open container law. Bolden was not arrested for DUI because the officers had not seen him driving his car.
¶ 4. Bolden was arrested. One of the officers sought to secure any valuables that may have been in Bolden's car. The officers testified that this was standard policy for the police department in order to decrease liability for items that could be stolen from an unattended automobile. As the officer reached above the sun visor from which Bolden had removed his license, a clear bag containing what the officer thought was cocaine fell to the floorboard of the car.
¶ 5. After Bolden was taken to the police station, the officers informed him of his Miranda rights. He indicated that he understood them. Bolden was then asked where he had purchased the drugs. Bolden identified the street on which he bought the cocaine, as well as the make and color of the automobile of the person from whom he bought it and the amount he paid. Bolden was charged with possession of cocaine.
¶ 6. From his subsequent conviction for possession of the drugs, Bolden appeals asserting that the search of his car that revealed the cocaine was illegal and that he was unable to validly waive his Miranda rights because of his intoxicated state.

DISCUSSION

I. Illegal search
¶ 7. Bolden asserts that the search of his automobile was invalid. Bolden's view of the law is that the warrantless search was invalid because it was not incident to an arrest nor was it conducted to ensure the safety of the officers. See Knowles v. Iowa, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998).
¶ 8. This search is properly classified as an "inventory search." This is not an inventory search in its most common form because Bolden's car was not being impounded at the time the search occurred. The officer testified that because of potential liability by the police department for theft from the temporarily abandoned vehicle, it is their policy to remove anything of value and place those items with the person's belongings at the jail. The officer testified that he looked under the visor only because that is where Bolden reached to retrieve his identification.
¶ 9. The inventory of a seized vehicle is distinguishable from an automobile search incident to a lawful arrest or based on probable cause that the vehicle is being used to transport contraband. Such searches are justified to avoid harm to police from unknown items in the car if it is impounded, to avoid false claims of theft, and to prevent vandalism of property. South Dakota v. Opperman, 428 U.S. 364, 369, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Reasonable and related regulatory interests are involved even when a vehicle is not impounded but is left unattended because of the arrest of the driver.
The reasonableness of any search without a warrant is measured from the standpoint of the conduct of the searchers. If their conduct is in some way reprehensible; or if they precipitate a search and are motivated therein solely by a desire to "hunt" for incriminating evidence; or if they do so without any plausible explanation or justification; the invasion is an unreasonable one.
Robinson v. State, 418 So.2d 749, 752 (Miss.1982) (quoting Godbee v. State, 224 So.2d 441, 443 (Fla.App.1969)).
*318 ¶ 10. The trial court conducted a suppression hearing and determined that under the totality of the circumstances, including the unusual placement of Bolden's driver's license, this was a valid search. This ruling is supported by the facts. Weighing the intrusion of the State against the protection of Bolden's interests, we cannot say that the trial court's decision here was erroneous.

II. Admission of Statement
¶ 11. Bolden next asserts that, because he was intoxicated at the scene, he did not make an intelligent waiver of his rights prior to stating where he had purchased the cocaine.
¶ 12. The determination of whether a confession is admissible is a finding of fact which is not disturbed unless the trial judge applied an incorrect legal standard, committed manifest error, or the decision was contrary to the overwhelming weight of the evidence. Balfour v. State, 598 So.2d 731, 742 (Miss.1992). Bolden correctly notes that "before a confession can be received into evidence, it must be shown to be competent in that it was freely and voluntarily given. This is a legal question to be determined by the court on a preliminary investigation by the court out of the presence of the jury." Rhone v. State, 254 So.2d 750, 754 (Miss. 1971).
¶ 13. At the suppression hearing on the statement, the court heard testimony from the two arresting officers, both of whom agreed that although Bolden was too intoxicated to drive, he was not so intoxicated as to be unable to understand his Miranda rights or the questions posed to him by the officers. In the absence of Bolden's testimony at that suppression hearing, the trial court found that Bolden was competent to waive those rights. In addition, the court found that Bolden did waive his rights and did so "without coercion, intimidation, threats of violence or otherwise." We find nothing in the record which would indicate that the trial court's findings were erroneous.
¶ 14. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $3,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST NESHOBA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.