814 So.2d 158 (2002)
Joseph TRIPLETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00290-COA.
Court of Appeals of Mississippi.
January 22, 2002.
Rehearing Denied April 16, 2002.
*159 Solomon C. Osborne, Greenwood, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
EN BANC.
LEE, J., for the Court.
¶ 1. Joseph Triplett was convicted on two counts: (1) possession of marijuana with the intent to sell and (2) possession of cocaine. Triplett was sentenced as an habitual offender to sixty years for count one and six years for count two to run concurrently to count one in the Mississippi Department of Corrections. Triplett has filed a timely appeal from his convictions and presents three issues: (1) whether the trial judge erred when he denied Triplett's motion to suppress regarding the seizure of the cocaine from the automobile driven by Triplett, (2) whether the trial judge erred when he denied Triplett's motion for directed verdict and judgment notwithstanding the verdict regarding the charge of possession of cocaine, and (3) whether the trial judge erred when he allowed the opinion testimony of Officer Sullivan. This Court finds that issue one has merit and accordingly, we reverse and render Triplett's conviction for possession of cocaine. Our holding regarding issue one, renders issue two moot. However, we hold that issue three is without merit and affirm Triplett's conviction of possession of marijuana with intent to sell.

FACTS
¶ 2. On the date of Triplett's arrest, he was residing with his mother. On this same day, Triplett used an automobile *160 which belonged to Sammie White, a known drug dealer, to pick up Kay Barnes and her son. Triplett drove Barnes and her son to Barnes's apartment.
¶ 3. Due to the pending execution of a search warrant for Barnes's apartment, officers had received a description of the automobile driven by Triplett and were on the lookout for it. An officer saw the automobile and witnessed Triplett, Barnes, and her son exit the automobile and enter her apartment.
¶ 4. Once Triplett, Barnes, and her son were in the apartment, several officers with the Central Delta Task Force were called to execute the search warrant at the residence. Once in the residence, Triplett was observed in the bathroom "fumbling around over the sink with some green leaf like substance." Thereafter, Triplett and Barnes were placed into handcuffs and positioned on the couch in the living room with Barnes's son. The officers proceeded with a search of the residence.
¶ 5. The officers obtained numerous items as a result of the search. A brown bag that displayed the Fred's store logo was found containing numerous other small plastic bags which contained a substance later positively identified as marijuana. Officer David Sullivan stated that 7.7 pounds of marijuana was taken from the apartment. The Fred's bag also contained a set of digital scales. Additionally, the officers confiscated $3,750 in cash, as well as a pager from Triplett. After placing Triplett under arrest and completing the search of the apartment, the automobile that Triplett was observed driving was searched.
¶ 6. As a result of the search of the automobile, a substance positively identified as cocaine was found under a washcloth lying between the driver's seat and the console area on the carpet.
¶ 7. Triplett did not testify on his own behalf, but he did present evidence in an attempt to refute the testimony regarding his involvement with the marijuana and cocaine.

DISCUSSION

I. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED TRIPLETT'S MOTION TO SUPPRESS REGARDING THE SEIZURE OF THE COCAINE FROM THE AUTOMOBILE DRIVEN BY TRIPLETT.
¶ 8. Triplett contends that the evidence regarding the cocaine seized from the automobile should have been suppressed by the trial judge because the search of the automobile was conducted after he had clearly removed himself from the vicinity of the automobile and had been placed under arrest. Triplett asserts that under the circumstances the officers were required to get a search warrant before they searched the automobile.
¶ 9. The State argues that the evidence was admissible because the search was properly performed as part of an inventory search to protect the defendant's property from theft or any other claim. To support this contention, the State has cited the cases of Cabello v. State, 471 So.2d 332, 344 (Miss.1985) and Bolden v. State, 767 So.2d 315, 317 (Miss.Ct.App.2000).
¶ 10. The standard of review regarding a trial judge's ruling at a suppression hearing is whether substantial credible evidence was present to support the trial judge's finding when evaluating the totality of the circumstances. Price v. State, 752 So.2d 1070, 1073(¶ 9) (Miss.Ct. App.1999). An abuse of discretion standard of review is the proper standard to apply when this Court must determine whether the trial judge has properly admitted *161 evidence. Sanders v. State, 757 So.2d 1022, 1023(¶ 5) (Miss.Ct.App.2000).
¶ 11. In Cabello, the defendant challenged the admission of evidence that had been acquired as the result of a search of an automobile. Cabello, 471 So.2d at 344. The defendant argued that a California search warrant was illegal because it was based on information obtained from an allegedly illegal search of the automobile in New Braunfels, Texas. Id.
¶ 12. Cabello, Rico, and Frank, Jr. were involved in the commission of a crime. Id. at 336-38. Rico and Frank, Jr. were arrested in New Braunfels, Texas on the charge of theft of service from an innkeeper. Id. at 344. Pursuant to that arrest, the automobile Rico and Frank, Jr. used to travel to the motel in was impounded and subjected to an inventory pursuant to the police department's administrative policy. Id. The Mississippi Supreme Court held that the inventory search was proper because the automobile had been used by the offenders in the commission of the crime, and as a result, it had been impounded and seized and searched pursuant to standard police procedure. Id.
¶ 13. In Bolden, two officers observed an automobile behind an abandoned building. Bolden, 767 So.2d at 316(¶ 2). Upon further investigation the officers found Bolden standing outside of the automobile urinating. Id. The officers requested identification from Bolden. Id. at 316-17(¶ 2). Bolden reached inside his automobile and withdrew his driver's license from the sun visor located over the driver's side door. Id.
¶ 14. It was determined that Bolden was intoxicated. Id. at 317(¶ 3). Bolden failed the field sobriety tests. Id. Two containers of beer were found in the automobile, one of which was open. Id. Bolden was arrested for a violation of the open container law. Id.
¶ 15. One of the officers proceeded to secure any valuables in Bolden's automobile. Id. at 317(¶ 4). The officer testified that this was the standard procedure instituted by the police department to decrease liability for items that could be stolen due to the automobile being left unattended. Id. While searching the automobile, cocaine was found in the sun visor where Bolden had removed his license. Id.
¶ 16. In Bolden, our Court held that while the search was not performed pursuant to the automobile being seized, it was still reasonable for the reasons enumerated by the officers because the driver was arrested which left the automobile unattended. Id. at 317(¶ 9). Even though the automobile was not impounded the officers had a plausible reason or justification to conduct the search. Id. at (¶¶ 9-10). The facts in the record did not disclose that the search was conducted merely to hunt for incriminating evidence. Id. at (¶ 9). Our case is distinguishable from the facts in Cabello and Bolden.
¶ 17. In the case at bar, prior to Triplett's trial, Officer Sullivan testified at a probation revocation/preliminary hearing regarding the search of the automobile. At this hearing, Officer Sullivan testified that the automobile was owned by Sammie White, a known dealer of cocaine. Sullivan also testified that the automobile was not seized. He explained that he did not seize the automobile because Triplett had told him who it belonged to and Barnes needed it as a means of transportation to get to and from work. Since the testimony of Officer Sullivan established that the automobile was never impounded or seized, the law applicable for inventory searches conducted pursuant to such situations is not applicable in the case at bar. However, the State also argues that the *162 inventory was done to protect Triplett's property from theft.
¶ 18. It must first be noted that the testimony of Officer Sullivan established that the automobile was owned by Sammie White, not Triplett. Additionally, unlike, in Bolden the automobile was not being left unattended at an abandoned building. Instead, it was parked in front of the apartment that was being rented by Barnes. Additionally, Barnes was not arrested at the time the search warrant was executed, but instead, remained at her apartment. Furthermore, the officers could have called upon White to retrieve his automobile.
¶ 19. Also unlike the facts in Bolden is the fact that Triplett was not in close proximity to the automobile at the time the search occurred. Triplett had been in the apartment, had had handcuffs placed on him, and was under arrest prior to the automobile being searched. Therefore, even though allowances have been made for officers when conducting an inventory of an automobile, the facts in the case at bar do not substantiate such an allowance. Furthermore, the search in this case cannot be justified as a search incident to arrest or one that comes within the plain view exception, because Triplett was not within close proximity of the automobile, he had been previously handcuffed and arrested, and the cocaine was covered by a washcloth. See Ferrell v. State, 649 So.2d 831, 834 (Miss.1995). Therefore, the evidence regarding the cocaine should have been suppressed at the trial.
¶ 20. Considering the totality of the circumstances and the case law, there was not substantial evidence to support the trial judge's determination in favor of admissibility of the cocaine. Finding that the trial judge abused his discretion, we reverse and render Triplett's conviction and sentence for count two regarding possession of cocaine. The resolution of this issue renders the issue regarding the denial of Triplett's motion for directed verdict and judgment notwithstanding the verdict moot and, accordingly, will not be addressed by this Court.

II. WHETHER THE TRIAL JUDGE ERRED WHEN HE ALLOWED THE OPINION TESTIMONY OF OFFICER SULLIVAN.
¶ 21. First, Triplett contends that Officer David Sullivan should not have been allowed to testify as an expert regarding Triplett's intent to distribute because he did not possess any special expertise. Second, he argues that Officer Sullivan's testimony was replete with impermissible opinion testimony which was within the common knowledge of the jury. Therefore, his testimony invaded the province of the jury. The State cites Sample v. State, 643 So.2d 524, 530 (Miss.1994), and argues that the procedure to qualify an expert as stated in this case was followed and the testimony was admissible.
¶ 22. Initially, we note that an abuse of discretion standard of review is applicable to a trial judge's decision to admit evidence and whether an expert witness is qualified to testify. See Sanders v. State, 757 So.2d 1022, 1023(¶ 5) (Miss.Ct. App.2000); May v. State, 524 So.2d 957, 963 (Miss.1988).
¶ 23. In Sample, Officer Corr was a witness for the State, who gave opinion testimony based on his experience from his employment with the Gulf Coast Multi Jurisdictional Task Force. Id. at 529. He provided testimony regarding the value, normal usage, and packaging of marijuana. Id. The State offered the testimony of Officer Corr to establish the element of intent to distribute. Id. The Mississippi Supreme Court concluded that this testimony was an expert opinion and was improperly *163 admitted because the officer was not first tendered as an expert witness. Id. The court stated:
The problem with Corr's "expert" testimony is that it runs afoul of our stated policy requiring that expert witnesses be first tendered as such before being allowed to express expert opinions....
There is a bright line rule. That is, where, in order to express the opinion, the witness must possess some experience or expertise beyond that of the average, randomly selected adult, it is a Miss. R. Evid. 702 and not a Rule 701 opinion ... (question calling on police officer to respond based on experience as an officer investigating accidents is by definition not a lay opinion.) ("[I]f particular knowledge ... is necessary to assist the trier of fact ... then such testimony would never qualify as a lay witness opinion under M.R.E. 701.")
This Court has also adopted a policy which dictates that Rule 702 witnesses be offered as such before offering Rule 702 testimony.
Id. at 529-30. (citations omitted). The court concluded that Officer Corr's testimony regarding the intent to distribute would have been permissible if he had been tendered as an expert and had his qualifications tested by voir dire prior to offering those opinions. Id.
¶ 24. Like the facts in Sample, Officer Sullivan had experience with drug trafficking. Officer Sullivan had been a member of narcotics task forces for years. He based his testimony from his experience in his employment. Sullivan testified that he had handled approximately 500 narcotics cases since 1990, and he had attended numerous courses regarding drug trafficking. However, unlike the error committed in Sample, the State did offer Sullivan as an expert before he gave opinions regarding the intent to distribute. Additionally, counsel for Triplett was allowed to voir dire Sullivan regarding his qualifications. Therefore, we find that the trial judge did not abuse his discretion in allowing Sullivan to be tendered as an expert.
¶ 25. We note that the court in Sample concluded, but for the failure to tender the officer as an expert, his opinion testimony regarding the intent to distribute was allowable due to his training and experience as a narcotics officer. Sample, 643 So.2d at 530. We too, reach this conclusion and find that Officer Sullivan's opinion testimony regarding the quantity of marijuana, use of sandwich bags, value, as well as the use of scales all pertained to the intent to sell. As such, the testimony was proper and did not invade the province of the jury. However, our discussion does not end here because Triplett also asserts that Officer Sullivan's testimony regarding Triplett's control of the apartment was improper.
¶ 26. The record discloses that Officer Sullivan stated: "Mr. Triplett had 7.7 pounds of marijuana at a small apartment. It is my opinion that Mr. Triplett was in control of this apartment." Thereafter, Triplett raised an objection regarding the opinion testimony pertaining to the control of the apartment. As a result, the trial judge admonished the jury that they should disregard the statement that went to the control or rental of the apartment. The Mississippi Supreme Court has stated: "However, `where serious and irreparable damage' has not resulted, the judge should `admonish the jury then and there to disregard the impropriety.'" Ragin v. State, 724 So.2d 901, 904(¶ 13) (Miss.1998) (citations omitted). "A jury is presumed to follow the instructions of the trial judge." Id. Acknowledging that the instruction was given by the trial judge, we also observe that counsel for Triplett approached the *164 subject of the control and rental of the apartment during the cross-examination of Officer Sullivan.
¶ 27. On Sullivan's cross-examination by counsel for Triplett, Sullivan stated that he was aware that Barnes had indicated that she rented the apartment. Furthermore, there was testimony that Triplett had indicated that he resided with his mother. Therefore, we find that the testimony given by Sullivan regarding the control of the apartment did not create irreparable damage and was properly managed by the trial judge when he admonished the jury to disregard the statement. Accordingly, this issue is without merit.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF COUNT ONE POSSESSION OF MORE THAN ONE KILOGRAM OF MARIJUANA WITH THE INTENT TO SELL, TRANSFER, OR DISTRIBUTE AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER IS AFFIRMED; COUNT TWO POSSESSION OF COCAINE IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
THOMAS, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. MCMILLIN, C.J., CONCURS IN PART AND DISSENTS IN PART WITH A SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., BRIDGES AND MYERS, JJ. KING, P.J., NOT PARTICIPATING.
McMILLIN, C.J., Concurring In Part and Dissenting In Part:
¶ 29. I respectfully dissent insofar as the majority proposes to render a not guilty verdict on the cocaine possession charge based solely on the conclusion that the drugs themselves should have been excluded. The sole reason for the exclusion of the drugs, according to the majority, was that they were seized in an unreasonable, and thus constitutionally-impermissible, search of the vehicle Triplett was observed to be driving shortly before his arrest. I agree that the evidence should have been excluded at the point in the trial when the court permitted it to be admitted. But I cannot agree that the present record establishes beyond question that the cocaine must necessarily be excluded on Fourth Amendment grounds. In my view, that question was not properly reached by the trial court and it cannot, on the present record, be properly determined by this Court.
¶ 30. It is my view that the error committed by the trial court was a procedural one rather than an erroneous analysis of how the constitutional principles answered the question of the admissibility of the cocaine. The procedural error is that the court failed to make the necessary factual inquiry into the circumstances of the seizure of the evidence prior to ruling on the question of its admissibility. Henry v. State, 253 Miss. 263, 286, 174 So.2d 348, 351 (1965). The court's error was in short-circuiting the process by ruling without conducting a suppression hearing outside the jury's presence. In the absence of the kind of inquiry required by law, it is impossible to determine on this record whether the evidence would or would not have ultimately qualified for admissibility under some recognized exception to the warrant requirement.
¶ 31. In all events, if a conviction is overturned because of improperly admitted evidence, it is not correct to then review the remaining evidence tending to *165 establish guilt and, upon finding that evidence insufficient, to render a verdict of not guilty. Rather, the proper procedure is to reverse and remand for a new trial where the evidence improperly admitted is not presented to the jury for consideration. As the Mississippi Supreme Court has stated in a similar situation:
The record simply presents a case wherein a fact necessary to support the judgment rendered was proven or made to appear by incompetent evidence, and in such a case the Supreme Court on appeal thereto should not decide the case as if no evidence of the fact had been introduced, but should remand the case for a new trial so that the fact may be made to appear by competent evidence. This, in so far as we are aware, is the universal rule....
Witherspoon v. State, ex rel. West, 138 Miss. 310, 103 So. 134, 139 (1925).
¶ 32. This seems an entirely correct resolution of such a problem. There is no absolute requirement that the State present every shred of evidence in its possession in a prosecution. Therefore, it is possible that, had the court properly ruled to exclude the evidence at the appropriate time, the State could have proceeded to establish the defendant's guilt by other available evidence, and there is no good reason why it should not be afforded that opportunity.
¶ 33. That reasoning is even more compelling when, as here, the evidence in question is prematurely passed on by the trial court and the possibility remains that, after the full evidentiary inquiry necessary to determine a suppression motion, the evidence may yet prove to be admissible despite the fact that it was obtained without benefit of a search warrant.
¶ 34. In this case, when the defense filed its second pre-trial suppression motion in writing, raising for the first time the issue that the automobile had not been included in the search warrant, the trial court undertook no evidentiary inquiry into the facts surrounding the vehicle search. Instead, the court summarily ruled the evidence admissible after hearing only the briefest recitation by the prosecuting attorney of what that attorney understood the facts to be. The attorney's statement was clearly not based on firsthand knowledge but was the sketchiest of summaries of what the attorney had learned from the investigating officers. As such, it was purest hearsay and, even were it somehow found admissible for the court's consideration as an accurate statement of the facts, did not provide enough information for the court to assess potential admissibility of the evidence based on some recognized exception to the warrant requirement for a search.
¶ 35. Admittedly, there are other portions of the record where evidence can be found touching on the circumstances of the search of the vehicle; however, in every instance the issue before the court was something other than the admissibility of the evidence. It seems totally unsatisfactory to attempt, in this appeal, to piece together a sort of patchwork collection of the relevant facts from throughout the record and attempt to determine the ultimate question of admissibility of the drugs on that basis.
¶ 36. I would reverse the conviction, but I would remand for a new trial at which the defendant would, once again, be free to seek the suppression of the evidence seized in the search of the vehicle. However, I would direct that, should he choose to do so, the trial court must conduct the required suppression hearing at which the State would have the burden of proving, by competent evidence and not the "testimony" of the prosecuting attorney, the admissibility of the evidence despite *166 the absence of a warrant authorizing the search of the vehicle.
SOUTHWICK, P.J., BRIDGES AND MYERS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.