# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01493-COA

HUBERT O'NEAL FULTON, JR. A/K/A              APPELLANT
HUBERT ONEAL FULTON, JR. A/K/A HUBERT
O'NEAL FULTON A/K/A HUBERT O. FULTON,
JR. A/K/A HUBERT FULTON, JR. A/K/A
HUBERT FULTON

v.

STATE OF MISSISSIPPI                           APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCED TO FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED AND THREE YEARS OF POST-RELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED - 09/22/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     A jury in the Harrison County Circuit Court convicted Hubert O'Neal Fulton Jr. of

possession with intent to distribute methamphetamine, and the court sentenced him to fourteen years in the custody of the Mississippi Department of Corrections, with three years suspended and three years of post-release supervision. On appeal, Fulton argues that a narcotics investigator with the Harrison County Sheriff's Office was improperly allowed to testify as an expert in the field of narcotics investigation and (in a separate pro se brief) that the evidence presented at trial was insufficient to support his conviction. We find that the narcotics investigator's testimony was permissible and that the evidence was sufficient to support the conviction. We therefore affirm the conviction and sentence.

**FACTS**

¶2. On August 7, 2013, Captain Bruce Carver Jr. of the Harrison County Sheriff's Office and Officer Christopher Strong of the Ocean Springs Police Department were patrolling Interstate 10 in Harrison County when they saw a car with no license plate. They pulled the car over near the Delisle exit. Fulton was the driver and sole occupant of the car. After Captain Carver determined that Fulton was driving with a suspended license, he returned to the passenger's side window of the vehicle and asked Fulton to step out of the vehicle. Officer Strong was standing at the back of Fulton's vehicle at this point. When Fulton started to get out of the vehicle, he made some unusual movements that gave Captain Carver the impression that "something [was] not right," as if Fulton might be about "to take off," and he then sat back in his seat. Officer Strong agreed that, from his vantage point, Fulton "was really hesitant," appeared to be "searching around for something inside the vehicle," and initially failed to comply with Captain Carver's command to exit the vehicle. Captain

2

Carver then told Fulton again to get out of the car. At this point, Fulton opened the door and exited the vehicle in an unusual manner. He "hunched over all the way" and "swivelled around in the seat and put both feet out" at once, with sort of a "pushing motion." Captain Carver felt that Fulton was trying to shield his view of something. Fulton then walked to the back of his car.

¶3. From the unusual way that Fulton exited the vehicle, "there was no doubt [in Captain Carver's mind] that [Fulton] had dropped something." When Captain Carver went to see what Fulton had dropped, he found a velvet draw-string bag about a foot under the driver's door. The bag contained six bags of methamphetamine—two large bags and four smaller ones, all marked with a tiger logo—and some additional empty bags. The bags were later found to contain a total of 5.5 grams of methamphetamine. Captain Carver testified that although the stop occurred on a hot day in August, the bag was not hot, nor was it weathered or worn as if it had been exposed to the weather. In addition, Fulton had left his door open, and Captain Carver could see a set of digital scales in the door's interior storage compartment. The scales had visible amounts of residue on them that were later tested and determined to be methamphetamine. After Fulton was placed under arrest, Captain Carver asked if he had any valuables in the car that he wanted retrieved before it was towed. At Fulton's request, Captain Carver retrieved $2,354 cash from the console of Fulton's car.

¶4. Over the objection of defense counsel, the trial judge allowed Investigator Matt Haley of the Harrison County Sheriff's Office to testify as an expert in the field of narcotics

investigations.[1] Haley is a narcotics investigator, he has received training and attended numerous courses on advanced topics related to narcotics and undercover investigations, and he has worked narcotics investigations in an undercover capacity. He has worked hundreds of drug cases over his eighteen years in law enforcement. Investigator Haley testified that methamphetamine users who are not dealers typically keep a gram or less of the drug for personal use; that he would not expect a non-dealer to have as much as 5.5 grams; and that the street value of methamphetamine is approximately $100 per gram. He further testified that digital scales are typically kept by dealers, not users; and that drugs are a cash business, so it did not surprise him to find a large amount of cash near digital scales. Finally, he testified that a lot of dealers use a "mark" or a "brand" on their bags like the tiger logo on the bags found in this case and that the items recovered—the scales, the amount of methamphetamine, the large amount of cash, and the small bags marked with logos—were generally "indicative [of] the distribution of methamphetamine."

¶5.    Fulton elected to testify in his own defense. He testified that there were no drugs in the car and that had never seen the velvet bag before. He said that the digital scales were not his and belonged to Desiree Warden, with whom he co-owned the car. Fulton said that he had seen Warden "with the scale outside, in her house, in the car." He did not know what she did with the scales or why she had them, but he knew "for sure" that the scales were not

---

[1] The objection was less than specific. Defense counsel acknowledged that Investigator Haley could testify to the "street value" of the drugs, but said, "[I]t's my understanding [the prosecutor] expects to ask him about other stuff, and I don't think she has qualified him as an expert on the stuff she's going to go into. . . . I'm not sure he's qualified as an expert in all area[s] of narcotics." There were no further objections to Haley's testimony on this ground.

used for selling drugs. Fulton claimed that he had earned the cash mowing yards on the weekends and that he had it with him because he was on his way to buy a new motor for his other car. In rebuttal, Investigator Haley testified that Fulton had very different explanations for the cash (that it belonged to his girlfriend) and the scales ("must have been in the car when they bought it") at the time of his arrest.

## DISCUSSION

¶6.    On appeal, Fulton argues that Investigator Haley should not have been allowed to testify as an expert regarding narcotics sales and investigations and that the evidence presented at trial was insufficient to sustain his conviction. With respect to the first issue, we review the admission of evidence and ruling that an expert witness is qualified to testify for abuse of discretion. *Triplett v. State*, 814 So. 2d 158, 162 (¶22) (Miss. Ct. App. 2002). With respect to the second issue, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Barlow v. State*, 8 So. 3d 196, 210 (¶33) (Miss. Ct. App. 2008) (quoting *Smith v. State*, 925 So. 2d 825, 830 (¶10) (Miss. 2006)). As we explain below, the trial judge did not abuse his discretion, and the evidence presented at trial was sufficient to support Fulton's conviction. Accordingly, we affirm.

### I.    Opinion Testimony of Investigator Haley

¶7.    Assuming the objection was properly preserved (*but see supra* note 1), Fulton's challenge to Investigator Haley's testimony is without merit. In *Triplett*, we held that the trial

5

court did not abuse its discretion by permitting a law enforcement officer to testify as an expert on drug distribution because the officer "had been a member of narcotics task forces for years," "he had handled approximately 500 narcotics cases [over the prior decade], and he had attended numerous courses regarding drug trafficking." *Triplett*, 814 So. 2d at 163 (¶24). We specifically held that the officer's testimony about how "the quantity of marijuana, use of sandwich bags, value, as well as the use of scales all pertained to the intent to sell" "was proper and did not invade the province of the jury." *Id.* at (¶25). The experience and testimony of Investigator Haley are indistinguishable. Accordingly, the trial judge did not abuse his discretion by allowing Investigator Haley's testimony.

## II. Sufficiency of the Evidence

¶8. In a separate pro se brief, Fulton continues to argue, as he did at trial, that the drugs were not his, that it was simple bad luck that his car came to a stop with methamphetamine just under his door (and a scale with trace amounts of the same drug inside the same door), and that some other motorist must have thrown the drugs out a car window. There was sufficient evidence for a rational trier of fact to conclude otherwise.

## CONCLUSION

¶9. The trial judge's evidentiary ruling was not an abuse of discretion, and there was sufficient evidence for the jury to convict. Therefore, we affirm.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCE OF FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THREE YEARS SUSPENDED AND THREE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED**

**TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**